U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 2 2008

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LISA RENE TAGUILAS,           §
                              §
        Movant,               §
                              §
VS.                           §   NO. 4:08-CV-554-A
                              §   (NO. 4:05-CR-195-A)
UNITED STATES OF AMERICA,     §
                              §
        Respondent.           §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Lisa Rene Taguilas ("Taguilas") under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. Having reviewed the motion, Taguilas's memorandum, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On December 14, 2005, Taguilas was charged in two counts of a fourteen-count indictment. Taguilas was charged in Count One, conspiracy to possess with intent to distribute and to distribute methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. § 846 and 841(b)(1)(A), and in Count Thirteen, maintaining drug involved premises in violation of 21 U.S.C. § 856(a)(1) and 856(a)(2). On September 29, 2006, Taguilas pleaded guilty to Count Thirteen, and Count One was subsequently dismissed. On January 12, 2007, the court sentenced Taguilas to

1

a term of imprisonment of 120 months, a term of supervised release of three years, and a special assessment of $100. The United States Court of Appeals for the Fifth Circuit affirmed Taguilas's sentence on September 26, 2007. On August 10, 2007, Taguilas filed a document understood by the court to be a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court denied the motion on December 20, 2007.

Subsequently, the clerk of the court advised the undersigned that Taguilas's initial motion was docketed as an action brought under 28 U.S.C. § 2241. While the court found the motion was obviously a 28 U.S.C. § 2255 motion, the court ordered that movant have until January 10, 2008, to advise the court if she did not intend for her motion to be brought under § 2255. Taguilas filed such notice with the court on January 8, 2008. Accordingly, the court dismissed her August 10 motion without prejudice on February 19, 2008. Taguilas timely filed this motion on September 16, 2008.

II.

Grounds of the Motion

Taguilas asserts that the legal representation given by her attorney, Shawn Paschall ("Paschall"), violated her right to effective assistance of counsel. Specifically, she asserts that Paschall (1) failed to challenge statements made against her by co-defendants or present mitigating factors at sentencing, (2) coerced her into pleading guilty by telling her that her brother would have a longer prison sentence if she did not plead guilty,

2

(3) failed to challenge the amount of drugs the government used for sentencing purposes, and (4) failed to argue that the court did not adequately consider the factors enumerated in 18 U.S.C. § 3553.[1]

### III.
### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge her conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

---

[1] It is not clear whether petitioner's fourth point addresses the allegedly ineffective nature of her counsel or a contested mistake of the court. The court assumes Taguilas raises this ground as support for her ineffective assistance of counsel claim. Insofar as Taguilas asserts an error of the court, she is procedurally barred from bringing this claim because she shows neither cause nor prejudice for her failure to raise it on direct appeal. United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991).

3

## IV.

## Analysis

To prevail on her ineffective assistance of counsel claim, Taguilas must show that (1) Paschall's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984). This standard applies regardless of whether the movant pleaded guilty or not guilty. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Strickland</u>, 466 U.S. at 687. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. In the context of a guilty plea, in order to satisfy the prejudice prong of <u>Strickland</u>, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000). Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (2000).

Taguilas first claims that Paschall was ineffective because he failed to investigate, challenge, or mitigate any assertions made against her by her co-defendants. Aside from these conclusory statements, Taguilas provides no specific instances where Paschall's representation fell below an objectively reasonable level. See Miller, 200 F.3d at 282. The court need not address Paschall's behavior because Taguilas does not show that she was prejudiced.[2] Stewart, 207 F.3d at 751. This ground cannot serve as a basis for her ineffective assistance of counsel claim.

Taguilas's second claim is that Paschall coerced her into pleading guilty by telling her that if she did not plead guilty, her brother's sentence would be enhanced. Taguilas claims that this advice rendered her plea unknowing and involuntary. The court finds that Taguilas's plea was knowing and voluntary. Further, Taguilas makes no claim that, had Paschall advised her differently, she would not have entered a guilty plea but instead would have gone to trial. See Hill, 474 U.S. at 59. This ground cannot support Taguilas's ineffective assistance of counsel claim.

Taguilas next claims that Paschall failed to challenge the drug quantities evaluated by the court in determining her

---

[2] While the court construes Taguilas's motion liberally, see Guidroz v. Lynaugh, 852 F.2d 832, 834 (5th Cir. 1998), her statement, "[i]n the instant case, the Movant was significantly prejudiced by the inadequate representation of counsel," is insufficient to show actual prejudice. See Miller, 200 F.3d at 282.

5

sentence. This claim is without merit. The record reflects that Paschall did object to how the drug quantities were calculated. Sentencing Tr. at 7 (Jan. 12, 2007). This allegation cannot support Taguilas's ineffective assistance of counsel claim.

Finally, Taguilas argues that her attorney failed to argue that the court did not consider 18 U.S.C. § 3553 in determining her sentence. During Taguilas's sentencing, the court specifically mentioned, "the sentence . . . is a reasonable sentence that takes into account all of the factors and circumstances the Court is obligated to consider as outlined in 18 United States Code, Section 3553(a) . . . ." Sentencing Tr. at 32. Paschall's failure to argue with the court's application of section 3553 was not ineffective lawyering. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994). Further, Taguilas fails to show that, had Paschall argued with the court, her sentence would have been different. See Strickland, 466 U.S. at 694. This ground does not support Taguilas's ineffective assistance of counsel claim.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that the motion of Lisa Rene Taguilas to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED September 23, 2008.

_____
JOHN McBRYDE
United States District Judge